Nathan V. Okelberry (SBN 266596)
    E-Mail: nokelberry@fisherphillips.com
Marianna Bertikian (SBN 322596)
    E-Mail: mbertikian@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendant
CANOO TECHNOLOGIES INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DAMOA, an individual, | Case No: |
| Plaintiff, | *[Removed from Los Angeles County Superior Court, Case No. 21STCV38987]* |
| v. | **DEFENDANT CANOO TECHNOLOGIES INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(a), 1441(b), AND 1446(b)** |
| CANOO TECHNOLOGIES INC., a Delaware Corporation; VALIANT TMS, a Canadian Corporation; FRANK FAGA, an individual; and DOES 1 through 100, Inclusive, | |
| Defendants. | Complaint Filed: October 22, 2021<br>Trial Date: TBD |

**TO PLAINTIFF, HIS COUNSEL OF RECORD AND TO THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT, Defendant CANOO TECHNOLOGIES INC. ("Defendant Canoo"), by and through its counsel of record, hereby submits this Notice of Removal pursuant to 28 U.S.C. § 1446 to remove this action from the Superior Court of the State of California, in and for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).  Defendant FRANK FAGA ("Defendant Faga") has not been served with the Summons and Complaint, but consents to this removal and will join upon being served.   Defendant VALIANT TMS ("Defendant Valiant") has not appeared in this action and Defendant Canoo is unaware if Defendant Valiant has been served.  The grounds for removal are as follows:

**I.      STATEMENT OF JURISDICTION**

1.      This matter is a civil action over which this District Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  This action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, as set forth below.  *See* 28 U.S.C. §§ 1332, 1441(b).

**II.     VENUE**

2.      This action was filed in the California Superior Court for the County of Los Angeles.  Thus, venue properly lies in the United States District Court for the Central District of California.  *See* 28 U.S.C. §§ 84(c), 1391, and 1441.

**III.    PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

3.      On October 22, 2021, Plaintiff Kevin Damoa ("Damoa") filed a civil action in the Los Angeles Superior Court entitled *Kevin Damoa v. Canoo*

1

1    *Technologies Inc., et al.*, Case No. 21STCV38987 ("State Lawsuit"). *See*

2    Declaration of Marianna Bertikian ("Bertikian Decl."), ¶ 2, **Exhibit A**.

3          4.    On or about October 27, 2021, Damoa served Defendant Canoo with

4    the Summons and Complaint. *Id.*  The State Lawsuit alleges nine causes of action

5    against Defendant Canoo for (1) Racial Harassment; (2) Retaliation for

6    Complaining of Harassment and Discrimination; (3) Employment Discrimination

7    Because of Race; (4) Failing to Take Reasonable Steps to Prevent Discrimination,

8    Harassment, and Retaliation; (5) Wrongful Termination on the Basis of Race; (6)

9    Wrongful Termination in Violation of Public Policy; (7) Defamation; (8) Violation

10   of Labor Code §§ 6310–6311; and (9) Violation of Labor Code § 1102.5. *Id.*  Only

11   Damoa's seventh cause of action for Defamation is asserted against Faga. *Id.*

12         5.    Defendant has not filed a responsive pleading in state court but intends

13   to do so in the District Court within the statutory timeframe. *Id.*, ¶ 3.

14         6.    As of the date of this Notice of Removal, no other processes,

15   pleadings, and/or orders were served upon Defendant in the State Lawsuit. *Id.*, ¶ 2.

16         7.    This Notice of Removal is timely filed because it is filed within thirty

17   days of service of the initial pleading setting forth the claim for relief upon which

18   the State Lawsuit is based.  *See* 28 U.S.C. § 1446(b)(3).

19   **IV.    GROUNDS FOR REMOVAL**

20         **A.    Complete Diversity of Citizenship Exists Between Damoa,**

21              **Defendant Canoo, Defendant Faga, and Defendant Valiant.**

22              **a.  Citizenship of Damoa.**

23         8.    For diversity purposes, a person is a "citizen" of the state in which he

24   is domiciled.  28 U.S.C. § 1332 (a)(1); *see also Kanotor v. Wellesley Galleries,*

25   *Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *Kramer v. Warner-Lambert Co.*, 265 F.3d 853,

26   857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with

27   the intention to remain).  Residence is prima facie evidence of domicile.

28

1   *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State*
2   *Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v.*
3   *Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb.
4   3, 2011).  In fact, it is presumed that a natural person's residence is also his or her
5   domicile, and a party resisting this presumption bears the burden of producing
6   contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).  Damoa alleges
7   in his State Complaint that he is "an individual residing in the County of Los
8   Angeles, State of California." *See* Bertikian Decl., ¶ 1, **Exhibit A**, Compl. ¶ 1,
9   ("Plaintiff DAMOA is and was, at all times relevant herein, an individual residing
10  in the County of Los Angeles, State of California.").   Nothing in the State
11  Complaint or other pleadings suggest otherwise.  Accordingly, Damoa is domiciled
12  in and is a citizen of the State of California.

13              **b.  Citizenship of Defendant Canoo.**

14          9.    For diversity purposes, a corporation is deemed to be a citizen of the
15  state in which it has been incorporated and where it has its principal place of
16  business.  28 U.S.C. § 1332(c)(1).  The phrase "principal place of business" "refers
17  to the place where the corporation's high-level officers direct, control, and
18  coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80
19  (2010).  This is the corporation's "nerve center." *Id.* at 1181.  "[I]n practice [this]
20  should normally be the place where the corporation maintains its headquarters."
21  *Id.* at 93.   The "nerve center" analysis focuses on the place at which the
22  corporation's executive and administrative functions are conducted. *See Indus.*
23  *Tectronics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092–93 (9th Cir. 1990); *see also*
24  *State Farm Fire & Cas. Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989)
25  (determining "nerve center" by examining, among other factors, where the
26  corporation's headquarters are located and where its principal policy and executive
27  decisions are made).

28

DEFENDANT CANOO TECHNOLOGIES INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§
1332(A), 1441(B), AND 1446(B)

FP 42227694.1

10.     At the time this action was filed and at the time this Notice of Removal was filed, Defendant Canoo is, and was, a corporation incorporated in Delaware. Declaration of Kate Lengyel ("Lengyel Decl.") ¶ 3.

11.     At the time this action was filed and at the time this Notice of Removal was filed, Defendant Canoo's principal place of business is, and was, located in Justin, Texas.  *See* Lengyel Decl. at ¶ 4.  Specifically, on or about December 22, 2020, Defendant Canoo became a publicly-traded and owned entity. *Id*.  Defendant Canoo decided to diversify its employee pool and operations, with plans to transition its SG&A operations to Texas and to build a factory in the mid-west to manufacture its electric vehicles.  *Id*.  As a result, the super majority of Defendant Canoo's officers and directors have been relocated and/or hired to work at Defendant Canoo's corporate office in Justin, Texas.  *Id*.  Specifically, Defendant Canoo's officers and directors, including the Chief Executive Officer, Chief Information Officer, President, Chief Human Resources Officer, Chief Financial Officer, General Counsel and Corporate Secretary, Global Chief Marketing Officer (recently separated), Senior Vice President of Global Customer Journey & Aftersales, Chief Accounting Officer, and the Global Vice President for Commercial/Fleet Sales, Business Development, Industry Relations are located and work at Canoo's office in, Justin, Texas. *Id*., ¶ 5.  Out of the numerous officers and directors who work in Justin, Texas, only the Chief Technology Officer, the Interim Chief Financial Officer, and the Senior Vice President of Corporate Development and Investor Relations do not work in Texas. *Id*.  However, they travel to Justin, Texas to conduct executive and administrative functions.  *Id*.  As a result, Defendant Canoo's corporate decisions are made in Texas, including operational, executive, administrative, and policymaking decisions.   *Id.* Accordingly, Defendant Canoo controls, directs, and coordinates the company's business activities and operations of Canoo at its Texas headquarters.  *Id*. Thus,

Defendant Canoo is a citizen of Delaware and Texas as it is incorporated in Delaware and has its principal place of business in Texas. *See* 28 U.S.C. § 1332(c)(1).

**c. Citizenship of Defendant Faga.**

12.     As discussed above, for diversity purposes, a person is a "citizen" of the state in which he is domiciled.  28 U.S.C. § 1332 (a)(1).  At the time this action was filed and at the time this Notice of Removal was filed, Defendant Faga is, and was domiciled in Michigan. *See* Lengyel Decl. ¶ 7.  Defendant Faga has not been served in this matter, but consents to this removal and will join upon being served. Bertikian Decl., ¶ 5.  Accordingly, Defendant Faga is domiciled in and is a citizen of the State of Michigan.  28 U.S.C. § 1332 (a)(1); *see also Kanotor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *Kramer v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain).

**d. Citizenship of Defendant Valiant.**

13.     As discussed above, for diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  There is "no distinction drawn between those corporations incorporated in a state of the United States and those incorporated in a foreign country for purposes of § 1332(c)." *Danjaq, S.A. v. Pathe Communications Corp.* (9th Cir. 1992) 979 F.2d 772, 774.  "In cases involving alien corporations, 'principal place of business' means 'the corporation's principal place of business anywhere in the world, not merely within the United States.'. . . [W]here alien plaintiff's worldwide place of business was Panama, the plaintiff properly alleged diversity jurisdiction in corporation's action against California citizen and Nevada corporation, even though some of the plaintiff's global business occurred in California[.]" *Battery-Biz, Inc. v. Smart Power Solutions, Inc.* (C.D.

1    Cal., June 16, 2017, No. CV 16-9609-GW (GJSX)) 2017 WL 8236276, at *1.

2         14.    At the time this action was filed and at the time this Notice of Removal

3    was filed, Defendant is unaware of Valiant being served and it has not appeared in

4    this action. Bertikian Decl., ¶ 6. As alleged in Plaintiff's complaint and according

5    to information publicly available through Valiant's website and public records

6    through corporate filings, Valiant is a foreign corporation organized and existing

7    under Canadian law.   **Exhibit A,** Compl. ¶ 2; Bertikian Decl., ¶ 4. Further,

8    according to information publicly available through Valiant's website and public

9    records through corporate filings with the Government of Ontario, Canada,

10   Defendant Valiant's headquarters and principal place of business is, and was,

11   located in Ontario, Canada, as of the date the State Lawsuit and this Notice of

12   Removal were filed.  Bertikian Decl., ¶ 4.  Further, according to public information

13   and Valiant's website, the only physical location Valiant lists in the United States

14   is in Michigan, which is where the underlying events of this lawsuit occurred.  *Id*.

15   Accordingly, Defendant Valiant is a citizen of the state of Ontario, Canada, as it is

16   incorporated and has its principal place of business in Ontario, or at a minimum, is

17   a resident of Michigan.

18              **e.  Citizenship of Doe Defendants.**

19        15.    The State Complaint also names as Defendants DOES 1 through 100

20   ("DOE Defendants"). *See* Bertikian Decl., ¶ 2, **Exhibit A,** Compl. ¶ 3.  The hundred

21   "Doe" Defendants named in the State Complaint are not considered in assessing

22   diversity.  *See, e.g., Newcombe v. Adolf Coors Co*. 157 F.3d 686, 690 91 (9th Cir.

23   1998) ("28 U.S.C. §1441(a) explicitly provides that the citizenship of defendants

24   sued under fictitious names shall be disregarded for purposes of removal.  As such,

25   the district court was correct in only considering the domicile of the named

26   defendants.").  Accordingly, the citizenship of the alleged DOE Defendants does

27   not impact the diversity analysis for removal.

28

DEFENDANT CANOO TECHNOLOGIES INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§
1332(A), 1441(B), AND 1446(B)

FP 42227694.1

16.     Accordingly, complete diversity of citizenship exists as required for this Court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

**B.     The Amount in Controversy Requirement is Satisfied.**

17.     Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. §1332(a).

18.     Where, as here, a complaint does not state the amount in controversy, removal is proper if the court finds by a preponderance of evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000.  *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).  "The amount in controversy may include damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes." *Id.* (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)).  "In assessing the amount in controversy, [the Court] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez*, 888 F.3d at 416.

**Allegations and Facts Relevant to the Amount in Controversy**

19.     While Defendant denies liability as to Damoa's claims, based upon the allegations contained in the State Complaint, the amount of controversy in this action exceeds $75,000.00, exclusive of interest and costs. For purposes of determining the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  Moreover, the amount in controversy can be determined from the Complaint or from other sources, including statements made in the notice of removal. *See Kanter, supra*, 265 F.3d at 857 (9th Cir. 2001)(examining complaint and notice of removal for citizenship

DEFENDANT CANOO TECHNOLOGIES INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(A), 1441(B), AND 1446(B)

FP 42227694.1

determination); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-40 & n.2 (9th Cir. 2002) (considering settlement demand letter for purposes of determining amount in controversy).

20.     Canoo employed Damoa, who is 37 years old, as a Manufacturing and Logistics Program Manager and then later as the Director of Safety, Health & Environmental Sustainability. *See* Bertikian Decl., **Exhibit A,** Compl. ¶ 9; Lengyel Decl. ¶ 6. Damoa earned a salary of $190.000.00. *Id.*

21.     Damoa alleges that he "discovered OSHA violations during his employment with Defendants" and "reported these violations both internally and externally to OSHA itself or the U.S. Department of Transportation, Federal Motor Carrier, Safety Administration." Bertikian Decl., ¶ 2, **Exhibit A,** Compl. ¶ 9.

22.     Damoa further alleges that during his employment, he "was subjected to [r]acial harassment," "complained regarding this conduct," that he "made it clear to the individual Defendant[]…that the actions were unwelcome and unwanted," and that "Defendants did not take immediate, appropriate, and corrective action in response to the unlawful harassment that they knew and/or should have known occurred." *Id.* ¶¶ 10–11.

23.     Damoa also alleges that "on or around August 26, 2021, [he] was terminated in retaliation for complaining of harassment and discrimination and in discrimination based on his race/ethnicity." *Id.* ¶ 11.

24.     Damoa asserts that as a result of the alleged conduct, he "has sustained, and continues to sustain, loss of earnings and benefits" and "has been damaged and deprived of the security, solace and peace of mind … thereby causing [him] to suffer emotional and mental distress, anguish, embarrassment and humiliation[.]" *Id.* ¶¶ 20–21, 28–29, 38–39, 46–47, 54–55, 62, 93, 99–100.

25.     Damoa alleges that Defendant's conduct was "done with malice, fraud, and oppression and with conscious disregard for Plaintiff's rights." *Id.* ¶¶ 23, 31, 41, 49, 57, 63, 101.

26.     Damoa is seeking general, special, and compensatory damages, lost salary (both front and back pay), bonuses, benefits, punitive and exemplary damages, and attorneys' fees.[1] *Id.* ¶¶ 22–23, 30–31, 40–41, 48–49, 56–57, 106, Prayer for Relief.

27.     Damoa's Complaint purports to assert causes of action for (1) Racial Harassment; (2) Retaliation for Complaining of Harassment and Discrimination; (3) Employment Discrimination Because of Race; (4) Failing to Take Reasonable Steps to Prevent Discrimination, Harassment, and Retaliation; (5) Wrongful Termination on the Basis of Race; (6) Wrongful Termination in Violation of Public Policy; (7) Defamation; (8) Violation of Labor Code §§ 6310–6311; and (9) Violation of Labor Code § 1102.5.  *Id.*

### The Amount in Controversy Exceeds $75,000

28.     The jurisdictional threshold for removal of $75,000 is satisfied in this case independently and in the aggregate through Damoa's claims for front pay, emotional distress damages, punitive damages, and attorneys' fees.

29.     Damoa's potential front pay damages may be considered in establishing the amount in controversy.  *See Chavez*, 888 F.3d at 417-18 (where "a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy.").  Such damages can include pay for multiple years of employment. *See, e.g.*, *Rabago-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 97 (1976) (4 years' pay deemed reasonable as "front pay" damages). Even assuming Damoa

---

[1] Defendant does not concede that Damoa has stated a claim for which relief can be granted, that he suffered any damages, or that Defendant is responsible for any damages he may have suffered. Defendant reserves all defenses.

DEFENDANT CANOO TECHNOLOGIES INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(A), 1441(B), AND 1446(B)

FP 42227694.1

only obtains *one* year of front pay damages, this would amount to $190,000.00 *See* Lengyel Decl. ¶ 6.[2] Thus, Damoa's front pay claim exceeds the threshold amount in controversy for diversity jurisdiction.

30.    Damoa's allegations of emotional distress damages may be considered when assessing the amount in controversy. *See Kroske*, 432 F.3d at 980; *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002).  Damoa's alleged emotional injuries include allegedly being deprived of security, solace and peace of mind, emotional and mental distress, anguish, embarrassment and humiliation. (Bertikian Decl., **Exhibit A,** Compl. ¶¶ 20–21, 28–29, 38–39, 46–47, 54–55, 62, 93, 99–100.)  Employment discrimination cases in California alleging similar emotional distress injuries have resulted in verdicts that well exceed the diversity jurisdiction threshold of $75,000.  *See Velez v. Roche*, 335 F. Supp. 2d 1022, 1037 (N.D. Cal. 2004) ($300,000 emotional distress award where plaintiff suffered depression and other mental anguish following discrimination, even where plaintiff did not formally consult a doctor, did not take any medication for her condition, and continued to work); *Zanone v. City of Whittier*, 162 Cal. App. 4th 174, 183, 185 (2008) (affirming emotional distress award of $660,000 on plaintiff's FEHA discrimination and retaliation claims where plaintiff suffered "stress, anxiety and depression"); *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 821 (1999) (affirming award of more than $450,000 for emotional distress for FEHA discrimination claims where plaintiff suffered "nightmares, loss of appetite, and loss of interest in ordinary activities"); *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 410 (1994) (affirming award of more than $110,000 in emotional distress damages in employment discrimination case where plaintiff was diagnosed with anxiety); *Lave v Charter Commc'ns, LLC*, No. RIC 1508865, 2017 WL 2901375,

---

[2] Defendant does not concede that Damoa is entitled to front pay damages and in fact denies that Damoa was damaged by any of Defendant's alleged conduct.

DEFENDANT CANOO TECHNOLOGIES INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(A), 1441(B), AND 1446(B)

FP 42227694.1

at *3 (Cal. Super. Ct. June 07, 2017) (verdict awarding $575,000 in emotional distress damages where FEHA and IIED plaintiff experienced depression, insomnia, irritability, and anxiety); *see also Glenn-Davis v. City of Oakland*, No. C 02-02257SI, 2007 WL 687486, at *2 (N.D. Cal. Mar. 5, 2007) (reducing $1.85 million emotional distress award to $400,000 for "garden variety" emotional distress stemming from plaintiff's discrimination claims). Accordingly, Damoa's claim for emotional distress injuries establishes the amount in controversy. *See Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-CV-01945-JCS, 2016 WL 3902838, at *5 (N.D. Cal. July 19, 2016) (amount in controversy was established in discrimination and retaliation case claiming emotional distress because emotional distress damages in similar cases have been substantial).

31.     Damoa's claim for punitive damages may be considered when assessing the amount in controversy. Employment discrimination cases in California have resulted in punitive damages awards exceeding $75,000. *See Rodriguez*, 2016 WL 3902838, at *6 (claim for punitive damages in employment discrimination case established amount in controversy because punitive damage awards in similar cases have exceeded jurisdictional threshold); *see Pande v. ChevronTexaco Corp.*, No. C-04-05107 JCS, 2008 WL 906507, at *1 (N.D. Cal. Apr. 1, 2008) (plaintiff awarded $2.5 million in punitive damages on CFRA, FEHA, and related violation of public policy under California law claims); *Alvarado v. Fed. Express Corp.*, No. C 04-0098 SI, 2008 WL 744824, at *5 (N.D. Cal. Mar. 18, 2008) (upholding $300,000 punitive damages award in discrimination case); *Harvey v. Sybase, Inc.*, 76 Cal. Rptr. 3d 54, 62, 73 (Cal. Ct. App. 2008) (reinstating $500,000 punitive damages award on plaintiff's FEHA discrimination claims); *Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1137 (1998) (affirming $3.5 million punitive damages award against employer in FEHA discrimination case); *Hunio v. Tishman Const. Corp. of Cal.*, 18 Cal. Rptr. 2d 253,

FP 42227694.1

257, 266 (Cal. Ct. App. 1993) (finding award of $1 million in punitive damages on discriminatory constructive discharge cause of action was "certainly within permissible limits").  Accordingly, Damoa's punitive damages claim establishes the amount in controversy.

32.    Damoa has also demanded attorneys' fees, which are recoverable under the statues on which he has sued.  If attorneys' fees are recoverable by the plaintiff, the fee claim is included in determining the amount in controversy, regardless of whether the fee award is mandatory or discretionary.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010 (N.D. Cal. 2002).  A reasonable estimation of an attorneys' fee award in this case easily exceeds $75,000.  *See Lafever v. Acosta, Inc.*, No. C10-01782 BZ, 2011 WL 5416650, at *6 (N.D. Cal. Nov. 8, 2011) (awarding attorneys' fees of $548,243 to successful plaintiff in FEHA case); *Hamed v. Macy's W. Stores, Inc.*, No. CV 10-2790 JCS, 2011 WL 5183856, at *1 (N.D. Cal. Oct. 31, 2011) (awarding $463,401 in attorneys' fees to plaintiff who obtained a jury verdict of approximately $100,000 on FEHA age discrimination claim); *Leuzinger v. Cty. of Lake*, No. C 06-00398 SBA, 2009 WL 839056, at *12 (N.D. Cal. Mar. 30, 2009) (awarding attorneys' fees of $735,500 to partially successful plaintiff in FEHA case); *Pande*, 2008 WL 906507, at *9 (awarding attorneys' fees of $464,938 to plaintiff who prevailed on claims for FEHA retaliation and wrongful termination in violation of public policy).

33.    Damoa's claims for damages independently, and, in the aggregate demonstrate that the amount in controversy in this case exceeds $75,000.00. Accordingly, removal is appropriate.

## V.    <u>PROCEDURAL PREREQUISITES</u>

34.    Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the Central District of California is the appropriate court to which

DEFENDANT CANOO TECHNOLOGIES INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(A), 1441(B), AND 1446(B)

FP 42227694.1

to remove this action from the Los Angeles County Superior Court, where the action was filed.

35.    As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles and served upon Damoa's counsel of record.

36.    Pursuant to 28 U.S.C. section 1391(b)(2), venue is proper in the United States District Court for the Central District of California.

37.    This notice is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

38.    In filing this notice, Defendant does not waive any defenses.

39.    In filing this notice, Defendant does not admit any of the allegations made in Damoa's State Lawsuit.

## VI.    **CONCLUSION**

Based on the foregoing, Defendant respectfully requests that the above-described action pending in the Superior Court of California, County of Los Angeles, be removed to the United States District Court for the Central District of California.

Dated:  November 29, 2021               Respectfully submitted,

                                        FISHER & PHILLIPS LLP


                              By:    */s/ Marianna Bertikian*
                                     Nathan V. Okelberry
                                     Marianna Bertikian
                                     Attorneys for Defendant
                                     CANOO TECHNOLOGIES INC.

DEFENDANT CANOO TECHNOLOGIES INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(A), 1441(B), AND 1446(B)

FP 42227694.1

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On November 29, 2021, I served the foregoing document entitled **DEFENDANT BELCAN SERVICES GROUP LIMITED PARTNERSHIP'S NOTICE OF FILING OF NOTICE OF REMOVAL** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Bruce Kokozian, Esq.  
Alex DiBona, Esq.  
KOKOZIAN LAW FIRM, APC  
10940 Wilshire Blvd., Ste 1200  
Los Angeles, CA 90024

*Attorneys for Plaintiff KEVIN DAMOA*

Email:  Bkokozian@kokozianlawfirm.com  
dibona@kokozianlawfirm.com

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed November 29, 2021 at Los Angeles, California.

Cina Kim
_____
Print Name

By:  */s/ Cina Kim*
_____
Signature

FP 42227694.1