UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:21-CV-09266-CAS (RAOx) | Date | January 26, 2022 |
|---|---|---|---|
| Title | KEVIN DAMOA V. CANOO TECHNOLOGIES INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) – ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION

On October 22, 2021, plaintiff Kevin Damoa filed a complaint against defendants Canoo Technologies, Inc. ("Canoo"), Valiant TMS, Frank Faga, and Does 1 through 100, inclusive, in Los Angeles Superior Court, Case No. 21-STCV-38987, alleging claims under Cal. Gov. Code § 12900 et seq. for (1) racial harassment, (2) retaliation for complaining of harassment and discrimination, (3) employment discrimination because of race, (4) failing to take reasonable steps to prevent discrimination, harassment, and retaliation, and (5) wrongful termination on the basis of race. Dkt. 1-1. Plaintiff also alleged claims for wrongful termination in violation of public policy, defamation, and violation of labor codes §§ 6310-6311 and 1102.5. Id.

On November 29, 2021, defendant Canoo filed a notice of removal pursuant to 28 U.S.C. §§ 1446and 1441(b). Dkt. 1. Canoo states that this Court has original jurisdiction over plaintiff's claims based on diversity of citizenship, 28 U.S.C. § 1332(a). Canoo alleges that its principal place of business at the time of removal was Justin, Texas. Dkt. 1 ¶ 11.

Removal is proper only where federal courts have original jurisdiction over an action brought in state court. See 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over state law actions only where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship. "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008) (citations omitted). For diversity purposes, a corporation is a citizen of both its state of incorporation and the state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:21-CV-09266-CAS (RAOx) | Date | January 26, 2022 |
|---|---|---|---|
| Title | KEVIN DAMOA V. CANOO TECHNOLOGIES INC. ET AL. | | |

where it has its principal place of business, 28 U.S.C. § 1332(c)(1), and a person is a citizen of the state in which he is domiciled, 28 U.S.C. § 1332(a)(1).

Here, the complaint states that plaintiff is "an individual residing in the County of Los Angeles, State of California." Dkt. 1-1 ¶ 1. Further, the complaint alleges that defendant Canoo is a Delaware corporation with its principal place of business in Torrance, California. Id. ¶ 2. Plaintiff further alleges that defendant Frank Faga is a resident of Los Angeles, California. Id. ¶ 3.

Accordingly, the complaint indicates that plaintiff and defendants Canoo and Frank Faga are all citizens of California, and complete diversity of citizenship does not exist.

Based on the foregoing, defendant Canoo Technologies, Inc. is hereby ORDERED TO SHOW CAUSE, on or before February 9, 2022, as to why this instant action should not be remanded to the Los Angeles County Superior Court for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |