UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-09266-CAS (RAOx) | Date | March 14, 2022 |
|---|---|---|---|
| Title | KEVIN DAMOA V. CANOO TECHNOLOGIES INC. ET AL. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Alex DiBona  Marianna Bertikian

**Proceedings:** DEFENDANTS' MOTION TO COMPEL ARBITRATION (Dkt. 18, filed on December 27, 2021)

## I. INTRODUCTION

On October 22, 2021, plaintiff Kevin Damoa filed a complaint against defendants Canoo Technologies, Inc. ("Canoo"), Valiant TMS, Frank Faga, and Does 1 through 100, inclusive, in Los Angeles Superior Court, Case No. 21-STCV-38987, alleging claims under Cal. Gov. Code § 12900 et seq. for (1) racial harassment, against Canoo; (2) retaliation for complaining of harassment and discrimination, against Canoo; (3) employment discrimination because of race, against Canoo; (4) failing to take reasonable steps to prevent discrimination, harassment, and retaliation, against Canoo; (5) wrongful termination on the basis of race, against Canoo; (6) wrongful termination in violation of public policy, against Canoo; (7) defamation, against all defendants; (8) violation of California Labor Codes §§ 6310-6311, against Canoo; and (9) violation of California Labor Code § 1102.5, against Canoo. Dkt. 1-1.

On November 29, 2021, defendant Canoo filed a notice of removal pursuant to 28 U.S.C. §§ 1446 and 1441(b). Dkt. 1.

On January 25, 2022, plaintiff filed a motion to amend his complaint. Dkt. 27. On February 17, 2022, the Court granted plaintiff's motion to amend. Dkt. 32. Plaintiff filed his first amended complaint ("FAC") on February 18, 2022. Dkt. 33 ("FAC"). Plaintiff's FAC corrects the name of an incorrectly named defendant and adds additional defendants, namely by replacing Valiant TMS with VALIANT TMS, USA, INC., a Michigan Corporation; Valiant International, Inc. a Michigan Corporation; and Valiant Machine and Tool, Inc. a Canadian Corporation (collectively, "Valiant"). Id. Otherwise, the FAC does not alter plaintiff's substantive allegations or claims. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-CV-09266-CAS (RAOx) | Date | March 14, 2022 |
|---|---|---|---|
| Title | KEVIN DAMOA V. CANOO TECHNOLOGIES INC. ET AL. | | |

On December 27, 2021, defendants Canoo and Faga ("defendants") filed a motion to compel arbitration. Dkt. 18 ("Mot."). On January 20, 2022, plaintiff filed his opposition to defendants' motion to compel arbitration. Dkt. 24 ("Opp.").[1] On February 28, 2022, defendants filed their reply. Dkt 36 ("Reply").

The Court held a hearing on March 14, 2022. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

The relevant facts are taken from the complaint, and from evidence submitted by the parties.

### A.   The Parties

Canoo is a manufacturer of electric vehicles and has its principal place of business in Justin, Texas. Dkt. 18-3 (Declaration of Frank Faga ("Faga Decl.")) ¶ 2. Canoo contracts with suppliers, including co-Defendant Valiant, throughout the country and the world to provide parts and perform engineering, design and testing in support of its electric vehicle program. Id. ¶ 3.

Plaintiff was employed by Canoo from approximately August 2020 to August 2021. FAC ¶¶ 8-9, 11; Faga Decl. ¶ 6. Plaintiff was initially the Program Manager for Manufacturing & Program Logistics and then served as the Director, responsible for health and safety among other responsibilities, during the last month of his employment. Id. Plaintiff identifies as "black/African American." FAC ¶ 10.

Faga is a current employee at Canoo, and was plaintiff's direct supervisor from January 2021 until his termination. FAC ¶ 2. Faga Decl., ¶¶ 2, 6.

Valiant has a manufacturing facility located in Michigan. Id. ¶ 5. Canoo partners with Valiant to manufacture certain of its electric vehicle components at Valiant's facility in Michigan. Id.

---

[1] While defendants argue that the Court should decline to consider plaintiff's untimely opposition, and issue sanctions, Reply at 3-4, the Court finds that striking plaintiff's untimely opposition would be unduly prejudicial, and declines to issue sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:21-CV-09266-CAS (RAOx) | Date | March 14, 2022 |
|---|---|---|---|
| Title | KEVIN DAMOA V. CANOO TECHNOLOGIES INC. ET AL. | | |

### B. Plaintiff's Allegations

Plaintiff alleges that, during his employment with defendants, he discovered Occupational Safety and Health Administration ("OSHA") violations. FAC ¶ 9. These included "a supplier of Canoo not having an appropriate "lock out/tag out plan," personal protective equipment ("PPE") not being properly distributed and/or kept in stock, the lack of an appropriate evacuation plan, the lack of an injury and illness prevention plan, and the failure to have appropriate testing for Covid 19 or [a plan for the] prevention of the spread of Covid 19." Id. Plaintiff reported the alleged OSHA violations internally and externally (to either OSHA itself, or the U.S. Department of Transportation, Federal Motor Carrier, Safety Administration). Id.

Plaintiff also alleges that he was subject to racial harassment during his employment at Canoo, and complained about such conduct. Id. ¶ 10. Instead of taking action in response to the harassment, however, "on or around August 26, 2021, Plaintiff was terminated in retaliation for complaining of harassment and discrimination and in discrimination based on his race/ethnicity." Id. ¶ 11.

With respect to his defamation claim, which is plaintiff's only claim against Faga and Valiant, plaintiff alleges that "Defendants stated that Plaintiff had tried to poach an employee of [Valiant] and that Plaintiff had behaved in an unsafe manner which endangered the health and safety of individuals. . . . This insinuated Plaintiff behaved dishonorably in his profession." Id. ¶ 90. Plaintiff argues that defendants' "false allegations" served "as a pretext to [the] termination [of] Damoa's employment with Canoo. Opp. at 6.

In addition to his defamation claim, plaintiff brings claims for racial harassment, retaliation, employment discrimination, failure to prevent discrimination, wrongful termination on the basis of race, wrongful termination in violation of public policy, defamation, and violations of the California Labor Code, each against Canoo. See generally FAC.

### C. The Arbitration Agreement

On August 27-28, 2020, as part of the onboarding process with Canoo, plaintiff and Canoo electronically signed an Arbitration Agreement ("Agreement" or "Arbitration Agreement"). Dkt. 18-4 (Declaration of Johnathon Sotello ("Sotello Decl.")) ¶¶ 3-9, Ex. D. Damoa contends that "[he] understood [he] was being ordered by Canoo [to sign the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-09266-CAS (RAOx) | Date | March 14, 2022 |
|---|---|---|---|
| Title | KEVIN DAMOA V. CANOO TECHNOLOGIES INC. ET AL. | | |

Agreement], and that if [he] did not sign [it, he] would not be permitted to work for Canoo." Dkt. 24-1 (Declaration of Kevin Damoa ("Damoa Decl.")) ¶ 4. Plaintiff adds that he "was not any opportunity to negotiate the terms of the arbitration agreement." Id. ¶ 5.

    The agreement states, in part:

- I recognize that differences may arise between Canoo Inc. (the "Company") and me during or following my employment with the Company. In consideration of my continued employment with the Company, its promise to arbitrate all employment-related disputes, and my receipt of the compensation, pay raises, and other benefits paid to me by the Company, at present and in the future, I agree that any and all controversies, claims, or disputes with anyone (including the Company and any employee, officer, director, shareholder, or benefit plan of the Company, in their capacity as such or otherwise), arising out of, relating to, or resulting from my offer of employment with the Company, my employment with the Company or the termination of my employment with the Company, including any breach of this Mutual Agreement to Arbitrate Claims (this "Arbitration Agreement"), shall be subject to binding arbitration. Both parties agree that this Arbitration Agreement is enforceable under the Federal Arbitration Act, 9 U.S.C. §1 et seq. (the "FAA").

- **Claims Covered by this Arbitration Agreement**. To the maximum extent allowed by law, the Company and I mutually consent to the resolution by binding arbitration of all claims or causes of action that the Company may have against me or that I may have against the Company or the Company's current and former owners, partners, members, officers, directors, employees, attorneys, representatives and agents, all subsidiary and affiliated entities, all benefit plans, the benefit plans' sponsors, fiduciaries, administrators, affiliates, and all successors and assigns of any of them ("Arbitrable Disputes"). Arbitrable Disputes shall include any and all disputes not specifically exempted from arbitration herein, including, but not limited to: any alleged violations of federal, state, or local constitutions, statutes, laws, ordinances, regulations or common law; any claims of wrongful termination, unlawful discrimination, harassment, or retaliation;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-CV-09266-CAS (RAOx) | Date | March 14, 2022 |
| Title | KEVIN DAMOA V. CANOO TECHNOLOGIES INC. ET AL. | | |

any claims for breach of any contractor covenant of good faith and fair dealing; tort claims, the Fair Labor Standards Act and similar state and local statutes.  Nothing in this Arbitration Agreement alters any obligation or prerequisite to exhaust administrative remedies before asserting a claim in arbitration.

- **Claims Not Covered**.  Specifically excluded from this Arbitration Agreement are claims that are not arbitrable by law, which include claims for workers' compensation and unemployment compensation benefits, and any claims which are expressly excluded from binding arbitration by controlling law ("Excluded Claims").  To the extent that the parties' dispute involves Arbitrable Disputes and Excluded Claims, the parties agree to bifurcate and stay the Excluded Claims pending the resolution of the arbitration proceedings.  Either party may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an Arbitrable Dispute, but only upon the ground that the award to which that party may be entitled may be rendered ineffectual without such relief.

- **Arbitration Procedures**. The Company and I agree that, except as provided in the Arbitration Agreement, any arbitration shall be in accordance with and under the auspices and rules of JAMS, Inc. ("JAMS") for the resolution of employment disputes, pursuant to its employment arbitration rules & procedures.  The JAMS Employment Arbitration Rules and Procedures (the "JAMS Rules") are available at www.JAMSadr.com.  Notwithstanding anything in the JAMS Rules, the arbitrator will not have the authority to determine whether this arbitration provision or any portion of it is enforceable, revocable or valid, the arbitrability of disputes, or whether claims may be arbitrated on a class, collective, or representative basis.  The arbitrator shall apply the substantive state or federal law (and the law of remedies, if applicable) as applicable to the claim(s) asserted.  The arbitrator shall provide the Parties with a written decision explaining his or her findings and conclusions.  The Arbitrator's decision shall be final and binding upon the Parties. . . . The arbitrator's decision regarding the claims shall be final and binding upon the parties, and shall be enforceable in any court having jurisdiction thereof.  I agree that the arbitrator shall have the

Case 2:21-cv-09266-CAS-RAO   Document 39   Filed 03/14/22   Page 6 of 11   Page ID #:511

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                'O'

| Case No. | 2:21-CV-09266-CAS (RAOx) | Date | March 14, 2022 |
|---|---|---|---|
| Title | KEVIN DAMOA V. CANOO TECHNOLOGIES INC. ET AL. | | |

power to award any remedies available under applicable law, and that the arbitrator shall award attorneys' fees and costs to the prevailing party, except as prohibited by law.

- **Arbitration Fees and Costs**. I agree that each party shall be responsible for paying such party's own attorneys' fees and costs. To the extent I bring a claim against the Company, the Company shall pay for the costs of arbitration, including any administrative or hearing fees charged by the arbitrator or JAMS, except that I shall pay any filing fees associated with any arbitration that I initiate, but only so much of the filing fees as I would have instead paid had I filed a complaint in a court of law. To the extent any of the foregoing cost-splitting provisions are found not to comply with such then-applicable law, the arbitrator shall reform this Arbitration Agreement such that it is enforceable and consistent with then-applicable decisional or statutory law.

Sotello Decl. ¶ 8, Ex. D

## III.   LEGAL STANDARD

Pursuant to the Federal Arbitration Act ("FAA"), arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA reflects a "liberal federal policy favoring arbitration agreements." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (quotation marks omitted). "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218 (1985) (emphasis in original). Despite this strong policy favoring arbitration, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Howsam v. Dean Witter Reynolds, 537 U.S. 79, 83 (2002) (quotation marks omitted).

A district court's "role under the [FAA] is . . . limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-CV-09266-CAS (RAOx) | Date | March 14, 2022 |
| Title | KEVIN DAMOA V. CANOO TECHNOLOGIES INC. ET AL. | | |

Chiron Corp. v. Ortho Diagnostic Systems, Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) (internal citations omitted). When evaluating whether a party is bound by an arbitration agreement, "the liberal federal policy regarding the scope of arbitrable issues is inapposite." Comer v. Micor, Inc., 436 F.3d 1098, 1104 n. 11 (9th Cir. 2006). Rather, federal courts "'apply ordinary state-law principles that govern the formation of contracts' to decide whether an agreement to arbitrate exists." Norcia v. Samsung Telecommunications Am., LLC, 845 F.3d 1279, 1283 (9th Cir. 2017) (quoting First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995)).

"[A]greements to arbitrate [may] be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (internal citations and quotation marks omitted). The party asserting a defense to the enforceability of an arbitration agreement has the burden of proving that defense by a preponderance of the evidence. See Engalla v. Permanente Med. Grp., 15 Cal. 4th 951, 972 (1997).

### IV. DISCUSSION

Defendants argue that the parties are bound by the Arbitration Agreement because Canoo is an express party to the Agreement, and because Faga is either an express party to the Agreement, or a third-party beneficiary thereto. Mot. at 8-12. Defendants contend that, pursuant to the plain terms of the Agreement, each of plaintiff's claims "aris[es] out of, relat[es] to, or result[s] from [his] offer of employment with the Company, [his] employment with the Company or the termination of [his] employment with the Company." Agmt. at 1. Finally, defendants contend that the Agreement is neither procedurally nor substantively unconscionable. Mot. at 16-18.

In opposition, plaintiff argues that his decision to sign the Agreement was not voluntary. Opp. at 7-8. In support of this argument, plaintiff points to Cal. Lab. Code § 432.6, which states that "[a] person shall not, as a condition of employment, continued employment, or the receipt of any employment-related benefit, require any applicant for employment or any employee to waive any right, forum, or procedure for a violation of any provision of the California Fair Employment and Housing Act or [The Labor Code]. Id. § 432.6(a). Plaintiff also points to Chamber of Com. of United States v. Bonta, 13 F.4th 766, 779 (9th Cir. 2021) ("U.S. Chamber of Commerce"), where the Ninth Circuit stated that "an employee may attempt to void an arbitration agreement that he was

Case 2:21-cv-09266-CAS-RAO Document 39 Filed 03/14/22 Page 8 of 11 Page ID #:513

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** 'O'

| Case No. | 2:21-CV-09266-CAS (RAOx) | Date | March 14, 2022 |
|---|---|---|---|
| Title | KEVIN DAMOA V. CANOO TECHNOLOGIES INC. ET AL. | | |

compelled to enter as a condition of employment on the basis that it was not voluntary. If a court were to find that such a lack of voluntariness is a generally applicable contract defense that does not specifically target agreements to arbitrate, the arbitration agreement may be voided in accordance with saving clause jurisprudence." Plaintiff contends that he "did not consent to the arbitration but was rather forced to sign the agreement." Opp. at 7 (citing Damoa Decl. ¶¶ 3-4).

Plaintiff also argues that Faga and Valiant are not signatories to the Agreement, and therefore cannot compel arbitration. Opp. at 8-10. Additionally, plaintiff contends that the Court has discretion to deny arbitration pursuant to Cal. Civ. Proc. Code § 1281.2 because of the possibility of conflicting rulings of law and fact if this dispute proceeds with parallel actions in arbitration and before this Court. Opp. at 10-11. Finally, plaintiff argues that the Agreement is procedurally unconscionable because "Damoa had no choice but to sign the purported arbitration agreement as a condition of continued employment," and substantively unconscionable because "[t]he arbitration agreement does not include the rules under which the arbitration would take place but merely references JAMS." Opp. at 12.

In reply, defendants argue that neither Labor Code § 432.6 nor the Ninth Circuit's ruling in U.S. Chamber of Commerce render the Agreement unenforceable, as Labor Code § 432.6(f) states that it is not intended to invalidate an otherwise enforceable arbitration agreement, and the Ninth Circuit in U.S. Chamber of Commerce "makes clear that an otherwise enforceable agreement must be enforced." Reply at 4-5. Defendants also argue that plaintiff's decision to sign the Agreement was voluntary because "Plaintiff had the option not to sign the Agreement if he did not want to as Plaintiff knew it was a condition of his employment prior to him even accepting the offer of employment . . . Instead, plaintiff accepted employment with Defendant and signed the Agreement." Reply at 6. Defendants reiterate that Faga is either an express party to the Agreement or a third-party beneficiary thereto, and argue that plaintiff's Cal. Civ. Proc. Code § 1281.2 argument is inapplicable and confuses the issues given that the parties have agreed that the FAA is controlling. Reply at 7-11. Finally, defendants reiterate that plaintiff has not established that the Agreement is either procedurally or substantively unconscionable, and therefore the Agreement must be enforced according to its terms. Id. at 11-14.

The Court finds and concludes that the Arbitration Agreement is valid, and encompasses plaintiff's claims against Canoo and Faga. Pursuant to the arbitration agreement, plaintiff and Canoo "agree[d] that this Arbitration Agreement is enforceable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-CV-09266-CAS (RAOx) | Date | March 14, 2022 |
|---|---|---|---|
| Title | KEVIN DAMOA V. CANOO TECHNOLOGIES INC. ET AL. | | |

under the Federal Arbitration Act." Sotello Decl. ¶ 8, Ex. D ("Agmt.") at 1. The FAA applies generally to employment contracts, except those of transportation workers, and accordingly applies to the agreement at issue here. Cir. City Stores, Inc. v. Adams, 532 U.S. 105, 119, 121 (2001). Plaintiff is unable to overcome the "liberal federal policy favoring arbitration," and the requirement that courts "place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." Concepcion, 563 U.S. at 339 (internal citations and quotation marks omitted).

The Arbitration Agreement at issue is broad. It covers "any and all controversies, claims, or disputes with anyone (including the Company and any employee, officer, director, shareholder, or benefit plan of the Company, in their capacity as such or otherwise), arising out of, relating to, or resulting from [plaintiff's] offer of employment with the Company, [plaintiff's] employment with the Company or the termination of [plaintiff's] employment with the Company." Agmt. at 1. Additionally, pursuant to the Agreement, "Arbitrable Disputes shall include any and all disputes not specifically exempted from arbitration herein, including, but not limited to: any alleged violations of federal, state, or local constitutions, statutes, laws, ordinances, regulations or common law; any claims of wrongful termination, unlawful discrimination, harassment, or retaliation; any claims for breach of any contractor covenant of good faith and fair dealing; tort claims, the Fair Labor Standards Act and similar state and local statutes." Id. ¶ 1.

Here, the moving parties, Canoo and Faga, are covered by the Agreement, as Canoo is an express party and a signatory to the Agreement, and the Agreement explicitly covers "employees" of Canoo, such as Faga. At minimum, Faga can enforce the agreement as a third party beneficiary. See Comer v. Micor, Inc., 436 F.3d 1098, 1101 (9th Cir. 2006) ("[N]onsignatories can enforce arbitration agreements as third party beneficiaries."). Moreover, the Arbitration Agreement by its terms applies to plaintiff's claims, which are for racial harassment, retaliation, employment discrimination, failure to take reasonable steps to prevent discrimination, wrongful termination on the basis of race, wrongful termination in violation of public policy, defamation, violation of California Labor Codes §§ 6310-6311, and violation of California Labor Code § 1102.5, as each of plaintiff's claims "aris[es] out of, relat[es] to, or result[ed] from [plaintiff's] offer of employment with the Company, [plaintiff's] employment with the Company or the termination of [plaintiff's] employment with the Company." Agmt. at 1. Moreover, plaintiff's claims include "alleged violations of federal, state, or local constitutions,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-09266-CAS (RAOx) | Date | March 14, 2022 |
|---|---|---|---|
| Title | KEVIN DAMOA V. CANOO TECHNOLOGIES INC. ET AL. | | |

statutes, laws, ordinances, regulations or common law; any claims of wrongful termination, unlawful discrimination, harassment, or retaliation . . . [and] tort claims." Id. ¶ 1.

The Court is not persuaded by plaintiff's arguments to the contrary. While plaintiff cites Labor Code § 432.6 and the Ninth Circuit's ruling in U.S. Chamber of Commerce, in that case, the Ninth Circuit stated that "§ 432.6 does not make invalid or unenforceable any agreement to arbitrate, even if such agreement is consummated in violation of the statute." U.S. Chamber of Commerce, 13 F.4th at 776; see also Holman v. Bath & Body Works, LLC, No. 1:20-cv-01603-NONE-SAB, 2021 WL 5826468, at *28 (E.D. Cal. Dec. 8, 2021).

Plaintiff also argues that the arbitration agreement is procedurally unconscionable because it was presented to him as a condition of his employment, and substantively unconscionable because it "does not include the rules under which the arbitration would take place but merely references JAMS." Opp. at 12. Courts apply state contract law to determine the enforceability of an arbitration agreement. Pokorny v. Quixtar, 601 F.3d 987, 994 (9th Cir. 2010). Procedural and substantive unconscionability "must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability." Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th 83, 114 (2000). These two prongs operate on a sliding scale: greater substantive unconscionability can make up for a lesser showing of procedural unconscionability, and vice versa. Armendariz, 24 Cal. 4th at 89.

Here, the Court need not reach procedural unconscionability, because plaintiff is unable to point to any terms in the Agreement that are substantively unconscionable. Rather, plaintiff's argument that the Agreement is substantively unconscionable due to defendants' failure to attach the JAMS rules represents an argument regarding *procedural* unconscionability, and, in any event, is not persuasive. See Peng v. First Republic Bank, 219 Cal. App. 4th 1462, 1472 (2013) ("[T]he failure to attach the [arbitration] rules, standing alone, is insufficient grounds to support a finding of procedural unconscionability."). Moreover, in addition to plaintiff's failure to point to any terms that are substantively unconscionable, the Arbitration Agreement mutually requires each party to submit all arbitrable claims to arbitration, which counsels against a finding of substantive unconscionability. See Agmt. ¶ 1 ("[T]he Company and [plaintiff] mutually consent to the resolution by binding arbitration of all claims or causes of action that the Company may have against [plaintiff] or that [plaintiff] may have against the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-CV-09266-CAS (RAOx) | Date | March 14, 2022 |
|---|---|---|---|
| Title | KEVIN DAMOA V. CANOO TECHNOLOGIES INC. ET AL. | | |

Company[.]"); see also Armendariz, 24 Cal. 4th at 117 ("[I]t is unfairly one-sided for an employer with superior bargaining power to impose arbitration on the employee as plaintiff but not to accept such limitations when it seeks to prosecute a claim against the employee, without at least some reasonable justification for such one-sidedness[.]"); Serafin v. Balco Properties Ltd., LLC, 235 Cal. App. 4th 165, 182 (2015) ("[W]here an arbitration agreement sets forth that 'any and all' disputes between the parties will be arbitrated, courts [] have found the agreement to be fully mutual in scope.").

Finally, the Court finds that denying arbitration pursuant to Cal. Civ. Proc. Code § 1281.2 would be inappropriate. As a preliminary matter, it is not clear that this provision applies, given that the parties agreed that the FAA governs the Agreement. In any event, "under section 1281.2(c), the trial court has the discretion to, among other things, stay or deny arbitration if one or more parties to the action is not subject to arbitration, and multiple proceedings might result in conflicting rulings involving the same transaction." Gravillis v. Coldwell Banker Residential Brokerage Co., 143 Cal. App. 4th 761 (2006). Here, given that eight of plaintiff's nine claims are subject to the Agreement, in full, denying arbitration would be inappropriate.[2]

**V.    CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** defendants' motion to compel arbitration.

IT IS SO ORDERED.

|  | 00 : 11 |
|---|---|
| Initials of Preparer | CMJ |

---

[2] At the March 14, 2022 hearing, the parties discussed whether the Court should stay the case as to Valiant pending the arbitration. At this time, given that the Valiant entities have not been served and therefore have not made their position known on the record, the Court finds that staying the case as to Valiant would be premature.