UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:21-CV-09266-CAS (RAOx) | Date | June 6, 2022 |
|---|---|---|---|
| Title | KEVIN DAMOA V. CANOO TECHNOLOGIES INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Alex DiBona | Paul Kwong<br>Marianna Bertikian |

**Proceedings:**     VALIANT'S MOTION FOR STAY OF PROCEEDINGS PENDING ARBITRATION (Dkt. 45, filed on May 2, 2022)

## I. INTRODUCTION

On October 22, 2021, plaintiff Kevin Damoa filed a complaint against defendants Canoo Technologies, Inc. ("Canoo"), Valiant TMS, Frank Faga, and Does 1 through 100, inclusive, in Los Angeles Superior Court, Case No. 21-STCV-38987, alleging claims under Cal. Gov. Code § 12900 et seq. for (1) racial harassment, against Canoo; (2) retaliation for complaining of harassment and discrimination, against Canoo; (3) employment discrimination because of race, against Canoo; (4) failing to take reasonable steps to prevent discrimination, harassment, and retaliation, against Canoo; (5) wrongful termination on the basis of race, against Canoo; (6) wrongful termination in violation of public policy, against Canoo; (7) defamation, against all defendants; (8) violation of California Labor Codes §§ 6310-6311, against Canoo; and (9) violation of California Labor Code § 1102.5, against Canoo. Dkt. 1-1.

On November 29, 2021, defendant Canoo filed a notice of removal pursuant to 28 U.S.C. §§ 1446 and 1441(b). Dkt. 1.

On January 25, 2022, plaintiff filed a motion to amend his complaint. Dkt. 27. On February 17, 2022, the Court granted plaintiff's motion to amend. Dkt. 32. Plaintiff filed his first amended complaint ("FAC") on February 18, 2022. Dkt. 33 ("FAC"). Plaintiff's FAC corrects the name of an incorrectly named defendant and adds additional defendants, namely by replacing Valiant TMS with VALIANT TMS, USA, INC., a Michigan Corporation; Valiant International, Inc. a Michigan Corporation; and Valiant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:21-CV-09266-CAS (RAOx) | Date | June 6, 2022 |
|---|---|---|---|
| Title | KEVIN DAMOA V. CANOO TECHNOLOGIES INC. ET AL. | | |

Machine and Tool, Inc. a Canadian Corporation (collectively, "Valiant"). Id. Otherwise, the FAC does not alter plaintiff's substantive allegations or claims. Id.

On December 27, 2021, defendants Canoo and Faga filed a motion to compel arbitration. Dkt. 18. On March 14, 2022, the Court granted the motion to compel arbitration. Dkt. 39. At the March 14, 2022 hearing on Canoo's and Faga's motion to compel arbitration, the parties discussed whether the Court should stay the case as to Valiant pending the arbitration. Id. The Court determined that, given that the Valiant entities had not been served and had not made their position known on the record, staying the case as to Valiant would have been premature. Id.

The only claim against Valiant is plaintiff's defamation claim, which was also brought against Canoo and Faga. See FAC. The Court's order granting Canoo's and Faga's motion to compel arbitration directed the parties to resolve all of plaintiff's claims against Canoo and Faga, including the defamation claim, via arbitration. Dkt. 39.

On March 21, 2022, March 24, 2022, and March 30, 2022, plaintiff filed proofs of service as to the three Valiant entities. Dkts. 40, 41, 43.

On May 3, 2022, Valiant filed a motion to stay the case pending the arbitration proceedings. Dkt. 45 ("Mot."). On May 16, 2022, Damoa submitted his opposition. Dkt. 46 ("Opp."). On May 23, 2022, Valiant submitted its reply. Dkt. 47 ("Reply").

The Court held a hearing on June 6, 2022. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

Canoo is a manufacturer of electric vehicles and has its principal place of business in Justin, Texas. Dkt. 18-3 (Declaration of Frank Faga ("Faga Decl.")) ¶ 2. Canoo contracts with suppliers, including co-Defendant Valiant, throughout the country and the world to provide parts and perform engineering, design and testing in support of its electric vehicle program. Id. ¶ 3.

Plaintiff was employed by Canoo from approximately August 2020 to August 2021. FAC ¶¶ 8-9, 11; Faga Decl. ¶ 6. Plaintiff was initially the Program Manager for Manufacturing & Program Logistics and then served as the Director, responsible for health and safety among other responsibilities, during the last month of his employment. Id. Plaintiff identifies as "black/African American." FAC ¶ 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:21-CV-09266-CAS (RAOx) | Date | June 6, 2022 |
|---|---|---|---|
| Title | KEVIN DAMOA V. CANOO TECHNOLOGIES INC. ET AL. | | |

Faga is a current employee at Canoo, and was plaintiff's direct supervisor from January 2021 until his termination. FAC ¶ 2. Faga Decl., ¶¶ 2, 6. Valiant has a manufacturing facility located in Michigan. Id. ¶ 5. Canoo partners with Valiant to manufacture certain of its electric vehicle components at Valiant's facility in Michigan. Id.

Plaintiff alleges that, during his employment with defendants, he discovered Occupational Safety and Health Administration ("OSHA") violations. FAC ¶ 9. These included "a supplier of Canoo not having an appropriate "lock out/tag out plan," personal protective equipment ("PPE") not being properly distributed and/or kept in stock, the lack of an appropriate evacuation plan, the lack of an injury and illness prevention plan, and the failure to have appropriate testing for Covid 19 or [a plan for the] prevention of the spread of Covid 19." Id. Plaintiff reported the alleged OSHA violations internally and externally (to either OSHA itself, or the U.S. Department of Transportation, Federal Motor Carrier, Safety Administration). Id.

Plaintiff also alleges that he was subject to racial harassment during his employment at Canoo, and complained about such conduct. Id. ¶ 10. Defendants did not take any corrective action in response to the alleged harassment. Id. ¶ 11. Instead, on or around August 26, 2021, plaintiff "was terminated in retaliation for complaining of harassment and discrimination and in discrimination based on his race/ethnicity." Id. ¶ 11.

With respect to his defamation claim, which is plaintiff's only claim against Valiant, plaintiff alleges that "Defendants stated that Plaintiff had tried to poach an employee of [Valiant] and that Plaintiff had behaved in an unsafe manner which endangered the health and safety of individuals. . . . This insinuated Plaintiff behaved dishonorably in his profession." Id. ¶ 65.

### III.   LEGAL STANDARD

The decision of whether to stay the litigation of non-arbitrable claims against the remaining parties pending litigation "is one left to the district court . . . as a matter of its discretion to control its docket." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 20 n.23 (1983). The primary considerations are "judicial economy and avoidance of confusion and possible inconsistent results." Gunawan v. Randstad Gen.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-CV-09266-CAS (RAOx) | Date | June 6, 2022 |
| Title | KEVIN DAMOA V. CANOO TECHNOLOGIES INC. ET AL. | | |

Partner (US) LLC, No. SACV 13-01464-CJC(AGRx), 2013 WL 12142565, at *3 (C.D. Cal. Dec. 16, 2013) (internal quotations and citations omitted).

## IV.  DISCUSSION

Defendants argue that a stay is appropriate because "Plaintiff's defamation claim against Canoo and Faga is all but inseparable from his defamation claim against the Valiant Defendants." Mot. at 6. Defendants also argue that "the arbitrable claims in this matter plainly predominate over the nonarbitrable ones," and that "the outcome of the arbitration may well resolve Plaintiff's defamation claims against the Valiant Defendants in their entirety." Id. at 6-7. In sum, Valiant contends that staying the case as to the single claim against Valiant will "promote judicial efficiency and economy." Id. at 7.

In opposition, plaintiff contends that "[n]o matter the outcome of arbitration, the matter will not resolve because the Valiant Defendants and Canoo and Faga's liability are not dependent on each other." Opp. at 3. Plaintiff also claims that the stay will not promote judicial economy, because the Valiant defendants would still be subpoenaed in the arbitration as witnesses. Id.

In reply, defendants reiterate that the motion to stay "is intended to conserve the Court's resources, prevent inconsistent results, and avoid duplication of effort while the arbitration between Plaintiff, Canoo, and Faga proceeds." Reply at 2. Defendants add that the "entry of the requested stay does not hinge on whether the outcome of the arbitration between Plaintiff and Canoo may be determinative of Plaintiff's defamation claim against the Valiant Defendants." Id. (citing Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979)).

The Court finds that staying the case pending the arbitration is appropriate here, as doing so will promote judicial economy and preclude the possibility of any inconsistent rulings on plaintiff's defamation claim. See Mobile Captions Co., LLC v. Hamilton Relay, Inc., No. 11-CV-2673 W (BLM), 2012 WL 13175950, at *6 (S.D. Cal. Sept. 11, 2012) (A stay is appropriate where "there is significant overlap regarding the legal and factual issues involved in the arbitrable and nonarbitrable claims," and "judicial economy and efficiency, as well as the effort to avoid inconsistent judgments, is best served" by the stay.); see also Rappaport v. Fed. Sav. Bank, 341 F. Supp. 3d 1039, 1047 (D. Ariz. 2018) (staying proceedings "may be appropriate where the arbitrable claims predominate") (internal citations and quotations omitted). In particular, issues relevant to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-CV-09266-CAS (RAOx) | Date | June 6, 2022 |
| Title | KEVIN DAMOA V. CANOO TECHNOLOGIES INC. ET AL. | | |

plaintiff's defamation claim may be litigated during the arbitration, and those findings may be persuasive in the present action.

The Court notes that plaintiff's defamation claim as to the Valiant defendants will be preserved during the stay. This does not preclude a stay, as "a finding that the issues are substantially similar is sufficient to support a stay." Chen v. St. Jude Med., LLC, No. SACV 17-00143-CJC(JCGx), 2017 WL 8220441, at *3 (C.D. Cal. June 5, 2017).

### V.     CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Valiant's motion for a stay of this matter pending the final outcome of the arbitration of plaintiff's claims against Canoo and Faga.

IT IS SO ORDERED.

|  | 00 : 18 |
|---|---|
| Initials of Preparer | CMJ |